## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY, SELECTIVE INSURANCE COMPANY OF AMERICA, AND SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, <br><br> Plaintiffs, <br> v. <br><br> HOUSE OF CHEATHAM LLC, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR** <br> **DECLARATORY RELIEF** |

Plaintiffs Selective Way Insurance Company ("Selective Way"), Selective Insurance Company of America ("Selective America"), and Selective Insurance Company of the Southeast ("Selective Southeast") (collectively, "Plaintiffs" or "Selective"), through their undersigned attorneys, file their Complaint for Declaratory Relief against Defendant House of Cheatham LLC ("HOC LLC" or "Defendant"), alleging the following:

## SUMMARY OF ACTION

1.       Plaintiffs seek declaratory relief regarding their obligations under a series of commercial general liability policies issued to House of Cheatham, Inc. d/b/a Cheatham Chemical ("HOC Inc.") from 2009 through 2021 ("Policies").

2.       In particular, Plaintiffs seek a declaration that the Policies do not provide coverage to Defendant in connection with an underlying multidistrict litigation captioned *In re: Hair Relaxer Marketing Sales Practices and Products Liability Litigation*, case no. 1:23-cv-00818 in the United States District Court for the Northern District of Illinois, as well as various lawsuits containing similar allegations venued in various state courts across the country ("Underlying Lawsuits").

3.       Even though the Policies were issued only to HOC Inc., HOC LLC has sought coverage from Plaintiffs under those Policies on the basis that it entered into an Asset Purchase Agreement ("APA") with HOC Inc. pursuant to which HOC Inc. purported to assign rights and benefits under the Policies to HOC LLC.

4.       However, the Policies expressly state that any such assignment requires Plaintiffs' written consent.  Defendant did not seek and did not obtain Plaintiffs' written consent in connection with the purported assignment of policy rights.  As such, the purported assignment is of no effect under Georgia law. O.C.G.A. § 33-24-17.

5.    Plaintiffs are therefore entitled to a declaration that they have no duty to defend or to indemnify HOC LLC in connection with the Underlying Lawsuits.

6.    In addition, pursuant to the APA, HOC LLC agreed that it would indemnify HOC Inc. and hold HOC Inc. harmless in connection with "assumed liabilities," including the Underlying Lawsuits.

7.    However, HOC LLC has failed to confirm that it will indemnify, defend, and hold HOC Inc. harmless from the claims, causes of action, and damages sought in the Underlying Lawsuits.

8.    Selective, as subrogee of HOC Inc., is entitled to a declaration that HOC LLC is required to indemnify, defend, and hold HOC Inc. harmless.

9.    Finally, even if the purported assignment of policy rights were to be given effect, liability assumed by HOC LLC under the terms of the APA would be excluded from coverage by the Policies' contractual liability exclusion. Accordingly, as an alternative form of relief, Selective seeks a declaration that the contractual liability exclusion precludes coverage for HOC LLC's indemnity obligations under the APA.

## THE PARTIES

10.    Plaintiff Selective Way Insurance Company is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.  Selective Way is therefore a citizen of New Jersey.

11.    Plaintiff Selective Insurance Company of America is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.  Selective America is therefore a citizen of New Jersey.

12.    Plaintiff Selective Insurance Company of the Southeast is a corporation organized and existing under the laws of the state of Indiana with its principal place of business in New Jersey.  Selective Southeast is therefore a citizen of both Indiana and New Jersey.

13.    Upon information and belief, HOC LLC is a foreign limited liability company organized under the laws of Delaware with its principal place of business located at 1445 Rock Mountain Boulevard, Stone Mountain, Georgia 30083.

14.    Upon information and belief, HOC LLC's sole member is Hollywood Beauty Holdco, LLC, a limited liability company organized in Delaware with its principal place of business located at 1445 Rock Mountain Boulevard, Stone Mountain, Georgia 30083.

15.    After reasonable inquiry, Plaintiffs did not locate any information suggesting that any members of either HOC LLC or Hollywood Beauty Holdco, LLC are citizens of Indiana or New Jersey.

## JURISDICTION AND VENUE

16.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  This is a civil action that, after reasonable inquiry and upon information and belief, is between citizens of different states.  In addition, the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of costs and interest.

17.     This action is brought pursuant to 28 U.S.C. § 2201.  An actual controversy exists regarding the rights, duties, and obligations of the parties under the Policies and the APA in connection with the Underlying Lawsuits.

18.     This Court has personal jurisdiction over HOC LLC as a foreign limited liability company doing business in Georgia and/or maintaining a principal place of business in Georgia.

19.     Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because HOC LLC resides in this judicial district and a substantial portion of the events giving rise to this Complaint occurred in this judicial district, including the issuance of the Policies to HOC Inc.

## BACKGROUND

A.      **The Selective Policies**

20.     Selective issued Policies to HOC Inc. d/b/a Cheatham Chemical, bearing policy number S 17319111, providing Commercial General Liability Coverage beginning with the policy period of December 1, 2009 - December 1,

2010, with renewal annually through December 21, 2021.[1] True and correct copies of the Policies are attached hereto as Exhibits 1-14.[2]

21.    The Policies have Limits of Liability of $1 million for each occurrence and $2 million in the aggregate.

22.    The Policies contain the following Insuring Agreement:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement.**
>     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . .

Exhibit 1, Selective Policy, at 144.

23.    The Policies further provide, in pertinent part, regarding who qualifies as an "insured" under the Policies:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

---

[1] The last Selective Policy, effective from December 1, 2021, was canceled effective December 21, 2021.

[2] For ease of reference, Selective cites only to the first policy (i.e., Exhibit 1). The relevant policy language is identical in all policies.

The word "insured" means any person or organization qualifying as such under **Section II – Who is an Insured**.

**SECTION II – WHO IS AN INSURED**

1.  If you are designated in the Declarations as:

    **d**.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are insureds, but only with respect to their liability as stockholders.

*Id.* at 152.

24.     The Policies also provide the following pertinent condition which is applicable to all coverage parts included in the Policies:

    All Coverage Parts included in this policy are subject to the following conditions.

    **F.  Transfer Of Your Rights And Duties Under This Policy**

    Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

*Id.* at 31.

25.     The Policies contain the following Contractual Liability exclusion:

    **2.  Exclusions**
    This insurance does not apply to:

    **b.  Contractual Liability**
    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the

assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*Id.* at 145.

26.    The Policies contain a definition of "insured contract" which provides, in relevant part, as follows:

"Insured contract" means:

f.  That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

*Id.* at 157.

27.     The Policies issued for the policy periods of December 1, 2009 – December 1, 2010, December 1, 2010 – December 1, 2011, December 1, 2011 – December 1, 2012, and December 1, 2012 – December 1, 2013 ("2009-2013 Selective Policies**)** also include Commercial Umbrella Liability Coverage ("Umbrella Coverage").  *See* Exhibits 1-4.

28.     The 2009 – 2013 Selective Policies provide Umbrella Coverage in the amount of $4 million for each occurrence and in the aggregate, in excess of the underlying Commercial General Liability Coverage provided by those Policies, where applicable.

29.     The Umbrella Coverage contains the following Insuring Agreement:

**SECTION I – COVERAGES**

**A. Insuring Agreement**
   1. We will pay on behalf of the insured, the "ultimate net loss" in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

Exhibit 1 at 215.

30.    The Umbrella Coverage further contains the following additional provisions regarding who qualifies as an insured, which provide, in pertinent part:

> Throughout this Coverage Part the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this Coverage Part.
>
> The word "insured" means any person or organization qualifying as such under **Section II – Who is an Insured**.
>
> **SECTION II – WHO IS AN INSURED**
>
> **A.** Except for liability arising out of the ownership, maintenance, or use of "covered autos":
>
>> **1.** If you are designated in the Declaration as:
>>
>>> **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are insureds, but only with respect to their liability as stockholders.

*Id.* at 221.

31.    The Umbrella Coverage also contains the following Contractual Liability exclusion:

**B. Exclusions**

This insurance does not apply to:

**2. Contractual Liability**

Any obligation or liability assumed by the insured under any contract or agreement.

This exclusion does not apply to the extent that coverage is provided for the insured by "underlying insurance".

*Id*. at 216.

**B.    The Asset Purchase Agreement**

32.    HOC Inc. entered into an Asset Purchase Agreement with HOC LLC, dated December 21, 2021, pursuant to which all assets and liabilities of HOC Inc. were transferred to HOC LLC.

33.    The APA purported to assign to HOC LLC the "rights to control [HOC Inc.'s] insurance policies and rights to the benefits of such policies, including rights and proceeds arising from or relating to the Acquired Assets."

34.    HOC Inc. did not notify Selective of the purported assignment of HOC Inc.'s rights under the Policies as set forth in the APA until after the APA was executed.

35.    HOC Inc. did not seek Selective's written consent to assign HOC Inc.'s rights under the Policies to HOC LLC prior to entering into the APA.

36.    Selective has not, at any time, provided its written consent to HOC Inc. to assign HOC Inc.'s rights under the Policies to HOC LLC.

**Page 11 of 24**

37.     As such, the purported assignment of the Policies is of no effect under Condition F. of the Policies and under Georgia law. O.C.G.A. § 33-24-17.

38.     In addition, pursuant to the APA, HOC LLC agreed to "assume, satisfy, perform, fulfill, and discharge in full all of the Assumed Liabilities…."

39.     The APA defines "Assumed Liabilities" to include, in relevant part, "all Liabilities of [HOC Inc.] arising out of the conduct or operation of the Business by [HOC Inc.] or its Affiliates prior to the Closing or the ownership or use of the Acquired Assets to the extent arising out of events, transactions or circumstances prior to the Closing."

40.     The APA defines "Damages" to mean "losses, Liabilities, Taxes, damages, deficiencies, obligations, penalties, costs and expenses, and any and all claims, demands, or suits by any Person, including the costs and expenses of any and all actions, suits, Proceedings, demands, assessments, Judgments, settlements, and compromises relating thereto (and, if applicable, reasonable attorneys' fees associated therewith), but excluding punitive damages, except to the extent paid or payable to a third party pursuant to a Third Party Claim."

41.     The APA also provides that HOC LLC ("Buyer") is required to indemnify HOC Inc. ("Seller):

> SECTION 6.03 Indemnification by Buyer. Without limitation on any other provision to the contrary contained in this Agreement, from and after the Closing, Buyer, on its own behalf and on behalf of its successors and assigns (collectively, the "Buyer

Indemnifying Parties"), shall indemnify and hold harmless Seller, its Affiliates, each of Seller's shareholders, directors and officers, and each of their respective direct and indirect partners, equity holders, directors, officers, employees, and agents (collectively, the "Seller Indemnitees") against and from any and all Damages which any Seller Indemnitee may incur or suffer that arise out of, relate to, or result from:…

> (b)   any Assumed Liability.

42.   Section 6.05 of the APA further provides:

> SECTION 6.05 <u>Claims</u>. Any Buyer Indemnitee or Seller Indemnitee claiming it may be entitled to indemnification under this Article VI (the ***"Indemnified Party"***) shall promptly give written notice (a ***"Claim Notice"***) to the Party against whom such indemnification is sought (the ***"Indemnifying Party"***) of such claim for indemnification (a "***Claim***"). Such Claim Notice shall contain, with respect to each Claim, such facts and information as are then reasonably available, the estimated amount of Damages, if reasonably practicable, and the basis for indemnification hereunder. Failure to give prompt Claim Notice hereunder shall not affect the Indemnifying Party's obligations hereunder, except to the extent the Indemnifying Party actually suffers material prejudice by such failure.  If the Indemnifying Party does not notify the Indemnified Party within ten (10) Business Days following its receipt of a Claims Notice that the Indemnifying Party disputes its Liability to the Indemnified Party with respect to the Claims identified in such Claims Notice, such Claims shall be conclusively deemed an obligation of the Indemnifying Party hereunder.

## C.   **The Underlying Lawsuits**

43.   Beginning in 2022, numerous lawsuits were filed against HOC Inc. and/or HOC LLC, among other parties, in which plaintiffs allege that they were

exposed to phthalates and other endocrine-disrupting chemicals found in Defendant's hair care products, which caused cancer.

44.     On February 6, 2023, the United States Judicial Panel on Multidistrict Litigation consolidated these lawsuits in the United States District Court for the Northern District of Illinois under the caption *In re: Hair Relaxer Marketing Sales Practices and Products Liability Litigation*, case no. 1:23-cv-00818 (the "Hair Relaxer MDL"). A true and accurate copy of the consolidated class action complaint filed in the Hair Relaxer MDL is attached hereto as Exhibit 15.

45.     Upon information and belief, approximately 8,800 lawsuits have been consolidated in the Hair Relaxer MDL.

46.     In addition, lawsuits containing allegations similar to those asserted in the Hair Relaxer MDL have been filed in state courts across the country.

**D.     <u>Notice to Selective</u>**

47.     After receiving notice of a lawsuit later consolidated in the Hair Relaxer MDL, Selective agreed to provide a defense to HOC Inc. in connection with the Underlying Lawsuits subject to a reservation of rights.

48.     HOC LLC has also sought coverage for the Underlying Lawsuits under the Policies on the basis that the APA assigned HOC Inc.'s rights under the Policies to HOC LLC.

49.     Selective disclaimed coverage to HOC LLC in connection with the Underlying Lawsuits on the bases that HOC LLC is not an insured under the Policies and that any purported assignment of the Policies is of no effect under Condition F. in the Policies.

**E.      Selective's Tender of the Claim Against HOC Inc. to HOC LLC**

50.     On March 20, 2024, Selective, as subrogee of HOC Inc., provided notice to HOC LLC that HOC Inc. is entitled to indemnification from HOC LLC in connection with the Underlying Lawsuits pursuant to the terms of the APA.

51.     Selective requested confirmation within ten (10) days that HOC LLC agree to indemnify, defend, and hold HOC Inc. harmless from the claims, causes of action and damages sought in the Underlying Lawsuits.  A true and accurate copy of the March 20, 2024 letter is attached hereto as Exhibit 16.

52.     HOC LLC failed to respond to the March 20, 2024 letter within ten (10) days.

53.     To date, HOC LLC has not confirmed that it will indemnify, defend, and hold HOC Inc. harmless from the claims, causes of action and damages sought in the Underlying Lawsuits.

## COUNT ONE
**(Declaratory Relief Under the Selective Policies)**
**(HOC LLC is Not an Insured and the**
**Purported Assignment Under the APA is of No Effect)**

54.     Selective hereby re-alleges and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

55.     The Policies provide, in relevant part, that an insured includes the entity designated in the Declarations.

56.     The entity designated as the insured in the Declarations of the Policies is HOC Inc.

57.     HOC LLC is not designated as the insured in the Declarations of the Policies and HOC LLC does not otherwise qualify as an insured under the Policies.

58.     HOC Inc.'s purported assignment of the "rights to control [HOC Inc.'s] insurance policies and rights to the benefits of such policies" does not render HOC LLC an insured under the Policies.

59.     In addition, the purported assignment of policy rights and benefits is of no effect under Condition F. of the Policies.

60.     Condition F. of the Policies provides that the Policies cannot be assigned without Selective's written consent.

61.     Selective did not consent to the assignment of Policies under the terms of the APA.

62.    Georgia law provides that an insurance policy "may be assignable or not assignable, as provided by its terms." O.C.G.A. § 33-24-17.

63.    As such, because Selective did not consent to the assignment of the Policies, the purported assignment of the Policies under the APA is of no effect under Condition F. of the Policies and under Georgia law.

64.    Accordingly, HOC LLC is not entitled to coverage under the Policies.

65.    Selective is therefore entitled to a declaration that it has no duty to defend or to indemnify Defendant HOC LLC in connection with the Underlying Lawsuits because HOC LLC is not an insured under the Policies and the purported assignment under the APA is of no effect.

66.    There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Policies for the claims asserted in the Underlying Lawsuits.

67.    A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Selective has no other adequate remedy at law which will resolve the current controversy.

**COUNT TWO**
**(Declaratory Relief Under the APA)**
**(HOC LLC's Obligation to Indemnify and Hold Harmless HOC Inc.)**

68.    Selective hereby re-alleges and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

69.    Selective has agreed to defend HOC Inc. in connection with the Underlying Lawsuits and, as HOC Inc.'s insurer, Selective is subrogated to HOC Inc.'s right to defense and indemnification from HOC LLC in connection with the Underlying Lawsuits.

70.    The claims asserted in the Underlying Lawsuits arise out of the conduct and operations of HOC Inc.'s business that was sold to HOC LLC pursuant to the APA.

71.    The Underlying Lawsuits are included within the term "Assumed Liabilities" as that term is defined by the APA.

72.    Pursuant to Section 6.03 of the APA, HOC LLC agreed to "indemnify and hold harmless [HOC Inc.] . . . against and from any and all Damages which any Seller Indemnitee may incur or suffer that arise out of, relate to, or result from: . . . any Assumed Liability."

73.    To the extent HOC LLC disputed its obligation to indemnify HOC Inc., HOC LLC was required to provide notice of such dispute within ten (10) business days of the date it received notice from Selective that HOC Inc. was entitled to indemnification from HOC LLC in connection with the Underlying Lawsuits.

74.    HOC LLC failed to provide notice that it disputed its obligation to indemnify HOC Inc. within ten (10) business days.  Pursuant to the APA, it has been

conclusively deemed that HOC LLC must indemnify and hold HOC Inc. harmless in connection with the Underlying Lawsuits.

75.     Moreover, even if HOC LLC had responded in a timely manner, HOC LLC is otherwise required to indemnify and hold HOC Inc. harmless in connection with the Underlying Lawsuits per the terms of the APA.

76.     Accordingly, Selective is entitled to a declaration that HOC LLC is required to indemnify HOC Inc. and hold HOC Inc. harmless in connection with the Underlying Lawsuits, including by providing a defense to HOC Inc. in connection with such lawsuits.

77.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to HOC LLC's indemnity obligations under the APA for the claims asserted in the Underlying Lawsuits.

78.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Selective, as subrogee of HOC Inc., has no other adequate remedy at law which will resolve the current controversy.

## COUNT THREE
### (Declaratory Relief Under the Selective Policies)
### (Contractual Liability Exclusion)

79.     Selective hereby re-alleges and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

80.   The Policies contain a Contractual Liability Exclusion that precludes coverage for "'bodily injury'… for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."   Exhibit 1 at 145.

81.   The Contractual Liability Exclusion provides that it "does not apply to liability for damages…**[a]ssumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement**…."   *See id.* (emphasis added).

82.   The APA is not an "insured contract" as that term is defined by the Policies because it is not a contract pursuant to which the named insured (i.e., HOC Inc.) agreed to assume the tort liability of another.

83.   In addition, the "bodily injury" alleged in the Underlying Lawsuits began to occur, under the "continuous trigger" theory applicable to such injuries, prior to the execution of the APA on December 21, 2021.

84.   None of the exceptions to the Policies' Contractual Liability exclusion are applicable.

85.   For the reasons set forth in Count One, HOC LLC is not an insured under the Policies and is not entitled to coverage under the Policies.

86.     However, in the alternative, should the Court find HOC LLC is entitled to coverage under the Polices, coverage for HOC LLC's indemnity obligations under the APA is precluded by the Contractual Liability Exclusion.

87.     Accordingly, as an alternative form of relief, Selective is entitled to a declaration that the Contractual Liability Exclusion precludes coverage under the Policies for HOC LLC's indemnity obligations under the APA.

88.      There is a real, substantial, and justiciable issue in controversy between  the parties hereto with respect to the availability of coverage under the Policies for the claims asserted in the Underlying Lawsuits.

89.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Selective has no other adequate remedy at law which will resolve the current controversy.

## **PRAYER FOR RELIEF**

WHEREFORE, Selective requests the following relief:

1.     For Count One, a declaration that Selective has no duty to defend or to indemnify Defendant HOC LLC in connection with the Underlying Lawsuits;

2.     For Count Two, a declaration that Defendant HOC LLC has an obligation to indemnify and hold harmless Selective's insured, HOC Inc., in connection with the Underlying Lawsuits;

3.      For Count Three, and as an alternative form of relief, a declaration that

if HOC LLC is entitled to coverage under the Policies that the Policies' Contractual

Liability Exclusion precludes coverage for HOC LLC's indemnity obligations under

the APA; and

4.      For such other and further relief as the Court may deem just and proper.


Dated:  June 26, 2024                    Respectfully submitted,

                                         */s/ Shari L. Klevens*
                                         Shari L. Klevens, Esq.
                                         GA Bar No. 663977
                                         Sarah Hannah Phillips, Esq.
                                         GA Bar No. 302869
                                         **Dentons US LLP**
                                         303 Peachtree Street, NE
                                         Suite 5300
                                         Atlanta, GA 30308
                                         Telephone: (404) 527-4000
                                         Facsimile: (404) 527-4198
                                         Shari.klevens@dentons.com
                                         sarahhannah.phillips@dentons.com

                                         Craig M. Giometti, Esq. (*Pro Hac Vice* application
                                         forthcoming)
                                         **Dentons US LLP**
                                         1300 Post Oak Blvd.
                                         Suite 650
                                         Houston, TX 77056
                                         Telephone: (713) 658-4600
                                         Facsimile: (713) 739-0834
                                         craig.giometti@dentons.com

*Attorneys for Plaintiffs Selective Way Insurance Company, Selective Insurance Company of America, and Selective Insurance Company of the Southeast*